**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ.
Nevada State Bar No. 008409
Jsc@cogburnlaw.com
KRISTIN H. COGBURN, ESQ.
Nevada State Bar No. 008271
Khc@cogburnlaw.com
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
Tel: (702) 384-3616
Fax: (702) 943-1936
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SEBINA BRANDT,<br><br>   Plaintiff,<br><br>vs.<br><br>MRS ASSOCIATES, INC.,<br><br>   Defendants. | |

**COMPLAINT**

**I. INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Sebina Brandt, is a natural person residing in Clark County.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant, MRS Associates, Inc., is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

## IV. FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period. The initial communication between Plaintiff and Defendant took place in or around July of 2009. Defendant initiated the initial communication by calling Plaintiff at her home. During this call, Defendant presented Plaintiff with a false sense of urgency regarding the debt, such that Plaintiff felt frightened. The content of this call caused Plaintiff to disregard her consumer rights pursuant to § 1692g(a), and would have caused any least-sophisticated consumer, to disregard such rights (§ 1692g(b));

b) Falsely representing that an individual is an attorney during a phone call with Plaintiff. In or around late January or early February of 2009, Defendant placed a telephone call to Plaintiff's mother's residence. During the call, Defendant represented to Plaintiff's mother that the call came from MRS Associates and that MRS was an attorney's office (§ 1692e(3)).

c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff. Owing mostly to Plaintiff's fear of Defendant, engendered by the aggressive tactics employed by Defendant's collectors, Plaintiff was not willing to give any personal information to Defendant when asked to verify personal information about her account. On one occasion, which was the 3rd or 4th call by Defendant, Defendant agreed to stop all phone calls to Plaintiff due to the fact that Plaintiff was refusing to positively identify herself. Defendant did not discontinue the calls, but instead continued to call regularly for several months thereafter (§ 1692e(10));

d) Without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy, communicating with a third party other than in the manner prescribed by 15 USC § 1692b (§ 1692c(b));

e) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff. When Defendant began placing calls in an attempt to reach Plaintiff in early 2009, Plaintiff was not reachable at the number called, as she was out of the country. Plaintiff's mother answered several of these calls. Despite being told that Defendant was not available at that

number, Plaintiff called and spoke to Defendant's mother repeatedly (§ 1692b(3) & § 1692c(b));

f) In connection with an attempt to collect an alleged debt from Plaintiff, accusing client's mother of "breaking the law" in a conversation. In a conversation recorded by Defendant and provided to Plaintiff's counsel prior to the filing of this lawsuit, Defendant accused Plaintiff's mother of doing something "against the law" in a rude and accusatory tone of voice. The accusation arose from the fact that Plaintiff's mother had been confused when asked at the beginning of the call whether the person called was in fact Plaintiff, and because of this confusion Plaintiff's mother actually answered "yes" to the question of whether she was Plaintiff. When, only 1 or 2 minutes later, Plaintiff's mother admitted to being Plaintiff's mother and not Plaintiff, Defendant reacted inappropriately and accused Plaintiff's mother of violating the law (§ 1692b(1) & § 1692c(b));

g) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested. When speaking with Plaintiff's mother early in 2009, prior to Plaintiff's return to the United States from an extended trip out of the country, Defendant disclosed its name without the same being requested. This behavior is also reflected in a recording provided to Plaintiff's counsel prior to the filing of this claim. In the recording, Plaintiff's mother is asked whether she is Sebina Brandt. Before Defendant can realistically be sure of who the person is she is speaking with, Defendant offers that the identity of the caller is MRS Associates (§ 1692b(1) & § 1692c(b)).

8. Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's right to privacy, causing injury to Plaintiff's feelings, mental anguish and distress.

9. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. With respect to these activities of Defendant, Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;
    B. Actual damages;
    C. Statutory damages;
    D. Costs and reasonable attorney's fees; and,
    E. For such other and further relief as may be just and proper.

### COUNT II: COMMON LAW INVASION OF PRIVACY BY INTRUSION

11. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Actual damages
    B. Punitive Damages; and,
    C. For such other and further relief as may be just and proper.

COGBURN LAW OFFICES
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
(702) 384-3616 FAX: (702) 943-1936

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

DATED this __12__ day of October, 2009.

                COGBURN LAW OFFICES

                By: _____
                Jamie S. Cogburn, Esq.
                Nevada State Bar No.: 008409
                Kristin H. Cogburn, Esq.
                Nevada State Bar No.: 008271
                9555 S. Eastern Ave., Suite 280
                Las Vegas, Nevada  89123
                Attorneys for Plaintiff